UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS ADACIA, | ) | CASE NO. 1:25-cv-01393 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Douglas Adacia ("Plaintiff") filed this civil rights action against the City of Cleveland, Sergeant Stephen Beitel of the Cleveland Division of Police (CDP), CDP Chief Dorothy Todd, Constable Mark Webster, Cleveland Mayor Justin Bibb, and Cuyahoga County. (Doc. 1 at 2-4.) Plaintiff asserts claims for excessive force, assault, retaliation, and freedom of speech, and he seeks both money damages and injunctive relief. (*Id*. at 1, 4.) Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. 2)*,* which is now GRANTED. Plaintiff also filed a motion for appointment of counsel (Doc. 3), which is hereby DENIED. For the reasons below, Plaintiff's Complaint is DISMISSED.

**I.     BACKGROUND**

In less than a month's time, Plaintiff filed nine similar civil rights actions against the City of Cleveland, Cuyahoga County, and others in this District. *See Adacia v. Focus Cleveland*, *et al.*, No. 25-cv-1516 (N.D. Ohio, filed July 21, 2025) (Polster, J.); *Adacia v. Bibb, et al.,* No. 25-cv-1484 (N.D. Ohio, filed July 15, 2025) (Fleming, J.); *Adacia v. City of Cleveland*, *et al.*, No. 25-cv-1469 (N.D. Ohio, filed July 14, 2025) (Polster, J.); *Adacia v. City of Cleveland*, *et al.*, No. 25-cv-1442 (N.D. Ohio, filed July 9, 2025) (Brennan, J.); *Adacia v. Bibb*, *et al.*, No. 25-cv-1405 (N.D. Ohio, filed July 3, 2025) (Gaughan, J.); *Adacia v. City of Cleveland*, *et al.*, No. 25-cv-1388

(N.D. Ohio, filed July 1, 2025) (Fleming, J.); *Adacia v. Bishop William A. Cosgrove Ctr., et al.*, No. 25-cv-1336 (N.D. Ohio, filed June 26, 2025) (Barker, J.); *Adacia v. Cuyahoga Cnty. Sheriff, et al.*, No. 25-cv-1326 (N.D. Ohio, filed June 25, 2025) (Gaughan, J.); and *Adacia v. Cuyahoga Cnty. Sheriff, et al.*, No. 25-cv-1312 (N.D. Ohio, filed June 24, 2025) (Barker, J.).

These complaints all contain allegations that Mayor Bibb, Chief Todd, and the Cuyahoga County Sheriff's Department recruited law enforcement officers and civilians to target him for violence. (Doc. 1 at 8-11.) The cases generally stem from Plaintiff's frequent visits to Cleveland and Cuyahoga County offices, where he has requested the production of public records. (*Id.*) It is not clear what type of records he is seeking or the manner in which he does so. But both the City of Cleveland and Cuyahoga County have deemed his behavior disruptive enough to issue no-trespass orders barring him from city and county public buildings. *See, e.g.*, *Adacia v. Bibb, et al.*, No. 25-cv-1484 (Doc. 4 at 2) (N.D. Ohio, filed July 15, 2025) (Fleming, J.).

Plaintiff's Complaint concerns his attempt to enter the CDP's Third District police station on September 8, 2023, for an undisclosed reason. (Doc. 1 at 9-11.) Plaintiff alleges Defendant Beitel, the police officer at the front desk, would not permit him to enter the building for more than an hour, and when he did finally get through the entrance, Beitel threatened his life at gunpoint, struck him on the head, face, neck, shoulder and arms, and tried to steal his cellphone. (*Id.* at 9.) Plaintiff claims he recorded the entire incident on his phone. (*Id.* at 10.) Plaintiff then left the station, at which point "several" unidentified police officers chased him, stole his cellphone, and deleted his recording of the incident. (*Id.* at 11.)

Plaintiff contends Beitel and the other officers did this in retaliation for the many complaints he had filed against them in court and through the CPD internal affairs department. (*Id.* at 10-11.) He further alleges Defendants Mayor Bibb, Chief Todd, and Constable Webster

conspired with the CDP to authorize Beitel and other officers to "Attack Retaliate and assault [him] any time or way they wanted . . . to obstruct any investigation or complaint [he] filed." (*Id*. at 11.)  He notes Beitel made similar threats to harm him in the past and had "set [him] up to be killed, robbed or arrested on false charges."  (*Id*. at 9.)

On July 2, 2025, Plaintiff filed this Complaint asserting claims under 42 U.S.C. § 1983.  (*Id.* at 1.)  He appears to assert violations of the First and Fourth Amendments.  (*Id.* at 3.)

## II.    ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), district courts are required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual

allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

On August 8, 2025, another judge in this District dismissed a complaint filed by Plaintiff that was substantially similar to his complaint in this case. *Adacia v. Bibb, et al.*, No. 25-cv-1484 (Doc. 4 at 5) (N.D. Ohio, filed July 15, 2025) (Fleming, J.). The court also permanently enjoined him from filing any new lawsuits or other documents without seeking and obtaining leave of court. (*Id.*) The Court reasoned:

> In reviewing a Complaint, the Court generally must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). The Court, however, is given discretion to refuse to accept the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The case at bar presents just such a complaint. It does not contain a coherent, rational statement of fact or a plausible legal claim.
>
> Up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings; however, there comes a point when we can no longer allow Plaintiff to misuse the judicial system at tax-payer expense. This is the ninth lawsuit that he has filed within the last 22 days. All of the lawsuits contain the same basic allegations and are based on delusional ideation. It is apparent that Plaintiff will continue with these filings unless the Court takes steps to curtail his litigious activities. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. As the Supreme Court recognized: "Every paper filed with the Clerk of Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Our ability to perform our duties is compromised when we are forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991).

*Id*.

This Court agrees and similarly finds that Plaintiff's Complaint must be dismissed for the same reasons. The Complaint fails to set forth a coherent, rational statement of facts or a plausible legal claim. *Denton*, 504 U.S. at 32. None of the facts alleged plausibly state a claim under 42 U.S.C. § 1983 for the violation of any constitutional rights against any of the named defendants. Instead, the allegations are frivolous because they are "clearly baseless," "fanciful," "fantastic," and "delusional." *Id.* at 33. Because the Complaint does not plausibly plead any claim, it must be dismissed in its entirety.

### III. CONCLUSION

Plaintiff Douglas Adacia's Complaint (Doc. 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e). Plaintiff's Motion for Appointment of Counsel (Doc. 3) is DENIED as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: October 23, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE